UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DENISE MEJIA,<br><br>            Plaintiff,<br><br>    vs.<br><br>WARDEN ESTELLE DERR,<br><br>            Defendant. | CIV. NO. 22-00495 LEK-WRP |

### ORDER DENYING PETITIONER'S 28 U.S.C. § 2241, SEEKING AN ORDER DIRECTING THE BUREAU OF PRISONS TO APPLY FSA EARNED TIME CREDITS

Before the Court is pro se Petitioner Denise Mejia's ("Petitioner" or "Mejia") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Seeking an Order Directing the Bureau of Prisons to Apply FSA Earned Time Credits ("Petition"), filed on November 25, 2022.  [Dkt. no. 1.]  On January 31, 2023, Respondent Estela Derr, Warden of the Federal Detention Center in Honolulu, Hawai`i ("Respondent" or "Warden Derr" and "FDC Honolulu"), filed her response to the Petition.  [Dkt. no. 6.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Mejia's Petition is hereby denied for the reasons set forth below.

**BACKGROUND**

On November 9, 2017, Mejia was sentenced to seventy-six months imprisonment and five years of supervised release. See United States v. Mejia, CR 16-00582 HG ("CR 16-582"), Judgment in a Criminal Case, filed 11/14/17 (dkt. no. 43) ("Judgment"), at 1-3. Mejia was released from imprisonment on January 9, 2023. See Federal Bureau of Prisons ("BOP"), Find an inmate, https://www.bop.gov/inmateloc/ (last visited August 25, 2023). Mejia is currently serving her term of supervised release.

At the time of the filing of the Petition, Mejia was incarcerated at FDC Honolulu. [Petition at 1.] Mejia states that, at that time, her First Step Act ("FSA") earned time credits were not applied, and if they were, she would have been released from FDC Honolulu on November 15, 2022. See id. at 1-2. Mejia does not state why her earned FSA time credits were not applied, but she concedes that she did not exhaust her administrative remedies and argues her failure to exhaust should be excused because of her impending release date. See id. at 2. The Petition requests that her earned FSA time credits be applied and that she be released immediately. See id. at 3.

Warden Derr has submitted evidence that Mejia's earned FSA time credits were ultimately applied and Mejia was released from FDC Honolulu on January 9, 2023. See Response, Decl. of

Lynel Lazo ("Lazo Decl."),[1] Exh. A (Sentence Monitoring Computation Data as of 01-09-2023) at 2.  Warden Derr contends that, because Mejia's earned FSA time credits were applied and she was released from FDC Honolulu's custody, the Petition is moot.  See Response at 4.

On June 22, 2023, an entering order was issued directing Warden Derr to file a supplemental declaration.  See Minute Order – EO: Court Order Directing Warden Derr to File a Supplemental Declaration, filed 6/22/23 (dkt. no. 7).  On July 19, 2023, Warden Derr filed her supplemental declaration. [Dkt. no. 10.]

## STANDARD

> "Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."  United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).  Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Yanagihara v. Derr, Civil No. 22-00145 JAO-RT, 2023 WL 2163685, at *3 (D. Hawai`i Feb. 22, 2023).  "In particular, a petitioner

---

[1] Lynel Lazo is a Case Manager at FDC Honolulu.  [Lazo Decl. ¶ 2.]

3

may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition." Walsh v. Boncher, No. 22-cv-11197-DLC, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023) (citation and internal quotation marks omitted).

## DISCUSSION

"The case or controversy requirement of Article III [of the United States Constitution] . . . deprives federal courts of jurisdiction to hear moot cases." Native Vill. of Nuiqsut v. Bureau of Land Mgmt., 9 F.4th 1201, 1208 (9th Cir. 2021) (ellipse in Native Vill.) (quotation marks and citation omitted). "The doctrine of mootness . . . requires that an actual, ongoing controversy exist at all stages of federal court proceedings. When subsequent events resolve the dispute, such that no live issues remain . . . , a case becomes moot." Cuviello v. City of Vallejo, 944 F.3d 816, 824 (9th Cir. 2019) (internal quotation marks and citations omitted).

Here, Mejia has received the relief that she originally requested. Specifically, Mejia's earned FSA time credits were applied, and she was released from imprisonment on January 9, 2023. To the extent that Mejia had earned FSA time credits that were not applied to her release date or her term of supervised release,[2] the Court is unable to apply earned FSA time

---

[2] Kris Robl – a Unit Manager at FDC Honolulu – stated that:
(. . . continued)

4

credits to her remaining term of supervised release because she is no longer in BOP custody.  See United States v. Calabrese, Case No. 1:11-cr-00437, 2023 WL 1969753, at *3 (N.D. Ohio Feb. 13, 2023) ("FSA credits cannot be used to reduce a term of supervised release").[3]  Because "subsequent events [have] resolve[d] the dispute, . . . no live issues remain" in the Petition and, therefore, the Petition is moot.  See Cuviello, 944 F.3d at 824 (citation omitted).  The Petition must be denied because the Court lacks subject matter jurisdiction.

## CONCLUSION

On the basis of the foregoing, Mejia's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Seeking an Order Directing the Bureau of Prisons to Apply FSA Earned Time Credits, filed November 25, 2022, is HEREBY DENIED.  The Clerk's

---

> Petitioner theoretically could have applied an additional 16 days of [FSA Time Credits] towards early transfer to supervised release, resulting in a release date on December 24, 2022 rather than January 9, 2023. However, it is the BOP's position that once a prisoner begins serving his or her term of supervised release, the Court can no longer grant relief for unapplied [FSA Time Credits].

[Warden Derr's Supplemental Declaration Pursuant to the Court's Order Filed June 22, 2023 [ECF No. 7], filed 7/19/23 (dkt. no. 10), Decl. of Kris Robl at ¶ 5.c.]

[3] The Court notes that Mejia could possibly request a modification or reduction of her term of supervised release under 18 U.S.C. § 3583(e), due to the BOP not applying some of Mejia's earned FSA time credits.

Office is DIRECTED to enter judgment and close the case on **September 12, 2023,** unless Mejia files a timely motion for reconsideration of this Order.

Because Mejia is currently serving her term of supervised release, the Clerk's Office is DIRECTED to serve a copy of this Order on the United States Probation Office to assist with the service of this Order on her.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 28, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DENISE MEJIA VS. WARDEN ESTELLE DERR; CV 22-00495 LEK-WRP; ORDER DENYING PETITIONER'S 28 U.S.C. § 2241, SEEKING AN ORDER DIRECTING THE BUREAU OF PRISONS TO APPLY FSA EARNED TIME CREDITS**